Dear Representative Mead:
This letter is in response to your questions asking:
 1. Does the term "executive meeting" in the Missouri Constitution mean the same as the term "closed meeting" in the present open meetings law?
 2. Does the open meetings law, which was enacted some 30 years after the adoption of the latest Missouri Constitution, supersede the provisions of Article 3, Section 2 of the Missouri Constitution?
 3. May the redistricting commission hold a closed meeting for any purpose other than those set forth in the present open meetings law, and does that law place limits on the topics which may be discussed at those meetings, if the commission is allowed to call such meetings under Article 3, Section 2?
 4. Legislative committees with the responsibility of redrawing legislative districts would seem to be under the state's open meetings law, as are other legislative committees. Are these committees different from the commission appointed to redraw legislative districts for House members, and if so, why?
Section 2 of Art. III of the Missouri Constitution provides in pertinent part:
 The commissioners so selected shall on the fifteenth day, excluding Sundays and holidays, after all members have been selected, meet in the capitol building and proceed to organize by electing from their number a chairman, vice chairman and secretary and shall adopt an agenda establishing at least three hearing dates on which hearings open to the public shall be held. A copy of the agenda shall be filed with the clerk of the house of representatives within twenty-four hours after its adoption. Executive meetings may be scheduled and held as often as the commission deems advisable.
* * *
 Not later than five months after the appointment of the commission, the commission shall file with the secretary of state a tentative plan of apportionment and map of the proposed districts and during the ensuing fifteen days shall hold such public hearings as may be necessary to hear objections or testimony of interested persons. (Emphasis added.)
It is clear at the outset that the open meetings law, Chapter 610 RSMo, would not apply here if the constitution allowed the commission to hold closed meetings. This is because the constitution is the fundamental law and also because it is clear that § 610.025, RSMo, authorizes closed meetings as may be otherwise provided by law. The essential question then is whether the constitution authorizes closed meetings.
It is our view that the provision which we have quoted which authorizes "executive meetings" must be interpreted in its ordinary and plain sense. Section 1.090, RSMo. Since the language "executive meeting" ordinarily has the same meaning as "closed meeting" it is our view that such constitutional provision authorizes closed meetings to be scheduled by the commission and held as often as the commission deems advisable. However, the provisions we have quoted from Section 2 of Article III, also require an agenda establishing at least three hearing dates on which hearings open to the public shall be held and require such public hearings as may be necessary to hear objections or testimony of interested persons after the tentative plan of apportionment is filed with the secretary of state. Therefore, while the commission may hold executive or closed meetings as often as it deems advisable, it must establish at least three hearing dates on its agenda for open meetings as well as such public hearings as are necessary to hear objections or testimony of interested persons after the tentative plan is filed.
Further, it is our view that there is no restriction on the topics which may be discussed in the executive meetings.
Very truly yours,
 JOHN ASHCROFT Attorney General